## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Mario Augustin Lewis,

      Defendant.

Criminal No. 06-271 (JRT/JJG)

**REPORT AND
RECOMMENDATION**

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of the District Court on September 28, 2006, on the pretrial motions of the parties. Joe Dixon, Assistant United States Attorney, appeared on behalf of the Government. Earl Gray, Esq., appeared on behalf of Defendant Lewis who was present. This matter is scheduled to be tried before United States District Court Judge John R. Tunheim on November 6, 2006. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

## I.     Introduction

Defendant Lewis is charged with possession of marijuana with intent to distribute. This Court held a pretrial motions hearing on September 28, 2006. No witnesses testified at the hearing. The following exhibits were entered for the purposes of the hearing:

| Government Exhibit 1: | Application for Search Warrant and Supporting Affidavit for a family dwelling on 28th Avenue South; |
|---|---|
| Government Exhibit 2: | SEALED - two seizure warrants; |

| | |
|---|---|
| Government Exhibit 3: | SEALED - Findings and Sealing Order signed by United States Magistrate Judge Arthur J. Boylan; |
| Defendant Exhibit 1: | Application for Search Warrant and Supporting Affidavit for accounts at Wells Fargo Bank; |
| Defendant Exhibit 2: | Letter dated June 26, 2006, from defense counsel to Hennepin County Court Clerk, re: Motion For Return of Property (with attachments); |
| Defendant Exhibit 3: | Investigative Report of West Metro Drug Task Force 06-00-1298; and |
| Defendant Exhibit 4: | Application for Search Warrant and Supporting Affidavit for family dwelling on 38th Street East. |

This Report and Recommendation addresses only the dispositive motions filed by Defendant Lewis. The Court has address the parties' nondispositive motions in a separate Order.

## I.   Defendant Lewis' Motions for *Franks* Hearing

Defendant Lewis filed two separate motions for a *Franks* hearings.  The first seeks a *Franks* hearing with respect to a state seizure warrant, issued by Hennepin County District Court Judge Marilyn J. Kaman on April 20, 2006, for the seizure of Defendant's bank accounts at Wells Fargo Bank.  The second *Franks* hearing request concerns a search conducted at the 28th Avenue South property.

If a "defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). A defendant may also obtain a hearing by showing that the affidavit contained omissions material to the finding of probable cause. *United States v. Oleson*, 310 F.3d 1085, 1090 (8th Cir. 2002) (citing *Franks*,

438 U.S. at 155-56).  To obtain an evidentiary hearing, a defendant's attack on the affidavit "must be more

than conclusory and must be supported by more than a mere desire to cross-examine.  There must be

allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be

accompanied by an offer of proof."  *See Franks*, 438 U.S. at 171.  Once these requirements are met, the

Court must set to one side the challenged material and determine if sufficient information remains to

establish probable cause.  *Id.*  If not, a hearing is required.  *Id.*

At the conclusion of the parties oral arguments, Defendant conceded his difficulty in making a

sufficient showing for a *Franks* hearing.[1]  Upon review of the evidence proffered, this Court also finds it

clear that Defendant failed to make the substantial preliminary showing that statements made in the search

warrant affidavits were knowingly made with reckless disregard for the truth.

First, the issue is moot as to the Wells Fargo Bank *Franks* request.  The Government represented

that it does not intend to introduce any evidence at trial regarding money that was seized from the Wells

Fargo accounts pursuant to the state seizure warrant issued on the basis of Officer White's affidavit.  The

Government reports that subsequent to the seizure of the Wells Fargo accounts it was learned that the

deposits made to Defendant's Wells Fargo accounts were, in fact, returned to the Defendant.

------

[1]Counsel for Defendant Lewis instead shifted his focus to objections relating to the execution of search of the garbage outside of Defendant's 28th Avenue residence and sought suppression of evidence seized because the search itself was illegal.  However, confusion existed over whether Defendant had specifically brought a motion to suppress the garbage evidence independent of the motion for a *Franks* hearing.  The Court granted Defendant permission to submit a post-deadline suppression motion specifically addressing the garbage issue, but required that the motion be sufficiently particularized to inform the Court and opposing counsel of the factual and legal issues Defendant was raising.  After Defendant Lewis submitted his post-hearing motion to suppress, the Court, in a separate Order, found Defendant's motion insufficient in particularity and granted the Government's motion to strike.  Defendant's motion was stricken from the record.

Second, there is no evidence of deliberate omissions or falsehoods in the state search warrant for the residence on 28th Avenue and, even if they existed as argued, probable cause would still exist.  For example, Defendant argues had the signing judge known that Defendant was remodeling the houses mentioned in the warrant, thus giving an innnocent explanation for the energy usage, the judge would not have had probable cause.  He also argues the omission of normal electric usage at the 28th Avenue residence was also fatal.

Yet, it is clear from the affidavit that no deliberate false information or omissions were made about the electricity usage at the 28th Avenue residence.  The plain language of the warrant only talks about the electricity usage of the other homes mentioned that were connected to Defendant.  Now if, by example, the police had given false electricity information for the 28th Avenue residence, there might be an issue; but none was given here.  No electricity data was offered about the 28th Avenue residence.

Moreover, the affiant gave great detail to the judge about what the suspected "grow" houses looked like.  It is clear that the affidavit estabablishes a belief that marijuana was being grown at the other houses, but that records and other evidence of the illegal operation would be found at the 28th Avenue residence.  So, there is no reason for the officer to have mentioned the electricity for the 28th Avenue house.

Also, Defendant makes a conclusory allegation that the officers knew of landscaping projects at the other houses.  Even if there was sufficient evidence of this knowledge, which there is not, it does not warrant a *Franks* hearing when the officers can establish enough probable cause for their belief that the operation is not innocent.  Their belief was founded on probable cause and the omission of Defendant's

explanation does not equate to a deliberate omission.  There was ample probable cause to support the officer's with or without the addition of that fact.

Based on the forgoing, the undersigned concludes there is no basis for holding a *Franks* hearing, and recommends Defendant's two motion requesting a *Franks* hearing be denied.

## II.      Defendant's Motion to Suppress Statements

Pursuant to Federal Rule of Criminal Procedure 12, Defendant seeks the suppression of any statements he is alleged to have made.  The Government represents that there are no such statements to be addressed under Defendant's motion.  Counsel for Defendant orally withdrew Defendant's motion at the hearing, and the Court recommends the motion be denied as moot to formalize the record in this case.

## III.     Conclusion

Based upon the parties' submissions to the Court, the hearing exhibits and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.      Defendant's Motion to Suppress Statements (Doc. No. 20) be **DENIED AS MOOT**;

2.      Defendant's Motion for *Franks* Hearing and to Suppress Wells Fargo (Doc. No. 22) be **DENIED**;

3.      Defendant's Motion for *Franks* Hearing and Suppress Minneapolis Minnesota (Doc. No. 23) be **DENIED**.

Dated: October 13, 2006                          s/Jeanne J. Graham
                                                 JEANNE J. GRAHAM
                                                 United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by November 1, 2006.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500

words.  A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.  Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.