UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 06-271 (JRT/JJG) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| MARIO AUGUSTIN LEWIS, | |
| Defendant. | |

Joseph T. Dixon, III, Assistant United States Attorney, **OFFICE OF THE UNITED STATES ATTORNEY**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for plaintiff.

Earl P. Gray, **GRAY & MALACKO**, 332 Minnesota Street, Suite W 1610, St. Paul, MN 55101, for defendant.

Defendant Mario Augustin Lewis is charged with possession of marijuana with intent to distribute. This matter is before the Court on defendant's motion for a *Franks* hearing. In a Report and Recommendation dated October 13, 2006, United States Magistrate Judge Jeanne J. Graham recommended that defendant's motion be denied. The defendant timely objected to the Report and Recommendation. The Court has conducted a *de novo* review of the objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation of the Magistrate Judge.

## ANALYSIS

I.  **Motion For *Franks* Hearing**

The Magistrate Judge held a pretrial motions hearing on September 28, 2006. In a Report and Recommendation dated October 13, 2006, the Magistrate Judge recommended that this Court deny as moot defendant's motion to suppress statements, and deny both of defendant's motions for *Franks* hearing. Defendant objects only to the portion of the Report and Recommendation recommending denial of defendant's motion for a *Franks* hearing based on alleged omissions or falsehoods in the search warrant for the residence on 28th Avenue.[1]

"[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). A defendant may also obtain a hearing by showing that the affidavit contained omissions material to the finding of probable cause. *United States v. Oleson*, 310 F.3d 1085, 1090 (8th Cir. 2002). The Magistrate Judge concluded that defendant failed to make the substantial preliminary showing that statements made in the search warrant affidavits were made with reckless disregard for the truth.

---

[1] Because defendant has not objected to the Magistrate Judge's Report and Recommendation in regards to his Motion to Suppress Statements [Doc. No. 20] and Motion for *Franks* hearing and to suppress all evidence seized as a result of the seizure and freezing of defendant's bank accounts at Wells Fargo Bank [Docket No. 22], the Court adopts the well-reasoned Report and Recommendation and denies these motions without discussion.

The warrant affidavit gave detail as to the characteristics of suspected indoor marijuana grow operations. In his objection, defendant argues that if the judge who signed the search warrant had known that defendant was remodeling and rehabilitating the houses mentioned in the warrant, the judge would not have found probable cause because these projects provide an innocent explanation for the energy usage and purchase of landscape materials. The Court is not persuaded. First, defendant has not put forth a sufficient showing that the affiant knew of the rehabilitation projects. Defendant's conclusory assertion that the affiant knew because he had been investigating defendant for "the last several weeks" is not enough. Without the affiant's knowledge of the projects, the Court cannot conclude that a false statement was knowingly and intentionally made, or made with reckless disregard for the truth. Moreover, even if the judge had been informed about these projects, probable cause still existed for the affiant's belief that the operation was not innocent. The affidavit identifies several characteristics of marijuana grow houses present at the residences, including black paint on the windows and emission of a strong "skunk" odor.

Defendant also argues in his objection that the affidavit failed to disclose that the energy usage and heat for the 28th Avenue residence was normal. The Court agrees with the Magistrate Judge that there was no reason for the affiant to have mentioned the electricity for the 28th Avenue residence because the probable cause to search that residence was not based on the likelihood that it was a grow house. Rather, the affidavit establishes probable cause that records and other evidence of the illegal operation would be found at the 28th Avenue residence.

Accordingly, the Court concludes that there is no basis for holding a *Franks* hearing and denies defendant's motion.

### ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** defendant's objection [Docket No. 32] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 30]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Suppress Statements [Docket No. 20] is **DENIED AS MOOT**;

2. Defendant's Motion for *Franks* Hearing and to Suppress – Wells Fargo [Docket No. 22] is **DENIED**;

3. Defendant's Motion for Franks Hearing and to Suppress – Minneapolis, Minnesota [Docket No. 23] is **DENIED**.

DATED:   December 12, 2006           s/ John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                United States District Judge